MINNESOTA PUBLIC INTEREST RESEARCH GROUP AND ANOTHER v. MINNESOTA STATE COLLEGE BOARD.

230 N. W. 2d 66.

May 23, 1975—No. 45196.

*Jon D. Jensvold* and *Elliot C. Rothenberg,* for appellants.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, and *Richard B. Allyn, Robert B. Varco,* and *Michael J. Bradley,* Special Assistant Attorneys General, for respondent.

Heard before Sheran, C. J., and Rogosheske, Todd, Yetka, and Scott, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Plaintiffs appeal from a summary judgment for defendant declaring that Minn. St. 624.701, prohibiting possession of liquor on school property, applies to Minnesota state colleges. We affirm.

Plaintiff Minnesota Public Interest Research Group (MPIRG) is a Minnesota nonprofit corporation funded and controlled by college and university students throughout the state. At the time of suit, MPIRG had approximately 65,000 student members and over 50-percent participation on each of the following Minnesota state college campuses: Bemidji, St. Cloud, Mankato, Moorhead, and Southwest. Plaintiff Dennis Erickson is a 21-year-old undergraduate student at Bemidji State College, residing in a college dormitory, who is desirous of consuming liquor in his dormitory room. Defendant, Minnesota State College Board (the Board), is charged by Minn. St. c. 136 with the management, jurisdiction, and control of the Minnesota State College System.[1] While the Board has no system-wide regulation prohibiting the possession or consumption of liquor on state college campuses, each college has a rule or policy prohibiting students from using or possessing liquor upon the campus grounds or buildings or within their privately leased dormitory rooms.

On November 20, 1973, the Board adopted Operating Policy 19, "Guidelines for State College Liquor Regulations", which provided in part:

"Subject to this Operating Policy and carefully developed reg-

---

[1] The following colleges comprise the system: Bemidji State, Mankato State, Minnesota Metropolitan, Moorhead State, Southwest State, St. Cloud State, and Winona State.

ulations and policies at each state college, the Board authorizes the possession, use and consumption of liquor in privately leased rooms in residence halls for persons who are otherwise permitted by law to do so."

However, this policy is to become operative only upon adoption of an enabling resolution by the Board. Also, on November 20, 1973, the Board adopted a resolution, providing in part:

"* * * [T]he Minnesota State College Board, believing that all persons 18 years and older who live in residences over which the Board has jurisdiction, should be entitled to the same rights and privileges relative to the use of alcohol as other adults, hereby manifests its firm support for the passage of [a bill designed to remove any doubt about the Board's power to promulgate regulations concerning possession and consumption of liquor on state college campuses]. In the event * * * there is a determination by a Court of record that the 'school house law' has no application to the State College System, the Board will, as soon as reasonably possible, convene a special meeting and authorize the immediate implementation of the regulations proposed by each State College [to permit liquor on campus]; provided said regulations are in conformity with the Board's Guidelines."

In substance, the Board expressed its desire to authorize students of state colleges to possess and consume liquor in their privately leased dormitory rooms upon the determination by a court that the State College System was not included within the restrictions of Minn. St. 624.701, subd. 1, commonly known as the "Schoolhouse Law." Minn. St. 624.701, subd. 1, provides:

"Any person who shall introduce upon, or have in his possession upon, or in, any school ground, or any schoolhouse or school building, any intoxicating liquor or non-intoxicating malt liquor as defined in Chapter 340, except for experiments in laboratories * * * shall be guilty of a misdemeanor."

Plaintiffs contend that "school" includes only elementary and secondary institutions and does not include institutions of higher

learning, such as colleges and universities. The University of Minnesota Board of Regents, apparently concluding that the Schoolhouse Law does not apply to the University, adopted an interim policy allowing the use of liquor within residence halls under certain specified conditions, and plaintiff Erickson alleges that any policy precluding him from similar use deprives him of equal protection of the laws.

The trial court held that § 624.701, subd. 1, does apply to the State College System, citing "common sense, reason, and an understanding of the historical aspects of this matter."

Plaintiffs raise as issues on appeal the following:

(1) Whether the provisions of § 624.701, subd. 1, apply to dormitories and residence halls under the jurisdiction and control of the Board.

(2) Whether the failure of the Board to afford state college students the right to possess, use, and consume liquor and nonintoxicating malt liquor in their privately leased rooms in state college dormitories and residence halls deprives such students of the equal protection of the laws where students similarly situated at the University of Minnesota are afforded such rights by the University's Board of Regents.

Plaintiffs contend that the intent of the 1913 legislature in passing L. 1913, c. 415, § 1, which as amended is now Minn. St. 624.701, was not to include colleges within the statute. They place emphasis on the language of L. 1911, c. 83, which prohibited the furnishing of liquor to a student "of any school or other educational institution" and of G. S. 1913, § 3142, which forbade the sale of liquor within 1,500 feet of "any state normal school,[2] or any public school outside a municipality." Plaintiffs contend that if the legislature intended "school" to be all-encompassing, there would have been no need to refer to "other educational institutions" or to "state normal schools." However, because the latter provisions cover different subject matter, it is entirely conceiv-

---

[2] State normal schools are now the colleges of the Minnesota State College System.

able that the legislature intended to limit their application while intending to include elementary, secondary, and college levels within the scope of L. 1913, c. 415, § 1. Thus, the 1911 statute could prohibit the sale of liquor to students of any "school," including colleges, and also prohibit the sale to students of "other educational institutions," such as private schools or church organizations. G. S. 1913, § 3142, could have been intended to forbid the sale of liquor within 1,500 feet of state normal schools and public schools outside municipalities, while allowing such sales near other "schools." The term "schools" as used in what is now § 624.701 could encompass the entire range of public educational institutions, while the terms utilized in the other provisions could define subdivisions of that range.

Plaintiffs also argue that, as a matter of common usage, the term "school" refers only to primary and secondary levels of education. This position finds support in the definition of "school" found in Black, Law Dictionary (Rev. 4 ed.) p. 1511, as well as in the cases cited by appellants. However, there are many cases adopting a broad definition of "school" to include colleges and other educational institutions. No real pattern can be discerned in these cases on which to base a conclusion that "school" does not include colleges.

Examination of legislative history in this field discloses the intent of the legislature to be that the Schoolhouse Law is applicable to the State College System. Any change in the policy consideration here involved should come from the legislature and not the courts.

Plaintiffs' equal protection argument is likewise unpersuasive. We do not pass on the question whether the University of Minnesota is within the purview of the Schoolhouse Law. If it is, the fact that the Board of Regents has authorized students to violate the statute does not require a similar authorization from the Minnesota State College Board under the guise of equal protection. If the University is not constrained by the Schoolhouse Law,

we believe there is a rational basis for distinguishing between the University and the state colleges as to the possession of liquor in dormitory rooms.

Affirmed.